# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ELMER KEITH TAYLOR,<br><br>　　　　Defendant. | No. CR 02-3042-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS FOR § 2255 RELIEF, EVIDENTIARY HEARING, AND HABEAS CORPUS AD TESTIFICANDUM** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.  WAIVER OF § 2255 RELIEF* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　*A.  Failure To File Writ Of Certiorari* . . . . . . . . . . . . . . . . . . . . . . . . . . 7
　　*B.  Advising Defendant To Enter Plea Agreement* . . . . . . . . . . . . . . . . . . 9

*III. LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
　　*A.  Section 2255* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
　　*B.  Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . 13

*IV.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*V.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## I.  INTRODUCTION AND BACKGROUND

On October 25, 2002, the government filed a six-count indictment against defendant Elmer Keith Taylor.  The indictment charged the defendant with robbery affecting commerce, in violation of 18 U.S.C. § 1951; possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); being a felon in possession of a firearm following three previous convictions for violent felonies or serious drug offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312; and possession of a stolen vehicle which had traveled interstate, in violation of 18 U.S.C. § 2313.  Because of the defendant's extensive criminal history, he was facing a mandatory life sentence under 18 U.S.C. § 3559(c)(1) if convicted.

The court made two important pre-trial rulings:  one concerning the defendant's motion for psychiatric review, Dkt. # 36, and another concerning the defendant's motion to suppress certain evidence, Dkt. # 38.  Both motions were assigned to Chief Magistrate Judge Paul Zoss.  On September 17, 2003, Judge Zoss presided over a competency hearing, and later issued an order finding "the defendant is mentally competent to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense."  Dkt. # 78.  The undersigned subsequently denied the defendant's appeal of the Judge Zoss's finding, concluding it was not clearly erroneous.  Dkt. # 107.  Regarding the suppression issue, Judge Zoss recommended "that Taylor's motion to suppress be granted as to any statements he may have made to the Government's representatives during plea negotiations, and his motion be denied on all other grounds."  Dkt. # 94.  After a de novo review of the record, the undersigned subsequently accepted the Judge Zoss's report and recommendation.  Dkt. # 118.  As a

consequence, the facts stipulated to in the parties' plea agreement, the evidence received during the search of the defendant's vehicle, and the inculpatory statements defendant made to law enforcement after his arrest were all admissible. *Id.*

The parties thereafter reached a written plea agreement. Pursuant to the agreement, the defendant pled guilty to count three and the prosecution dropped all remaining charges. In addition, the parties stipulated to an above guidelines sentence of 420 months under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the defendant agreed to waive all his rights of appeal. At sentencing, the prosecution agreed to let the defendant appeal the court's competency ruling. Sent. Tr. p. 18, 35. The court then sentenced the defendant to 420 months pursuant to the plea agreement. The defendant thereafter appealed the court's competency ruling, but the Eighth Circuit Court of Appeals found no clear error and affirmed this court's decision. *United States v. Taylor*, No. 04-1885, 2004 WL 2805800 (8th Cir. Dec. 8, 2004).

On September 8, 2005, the defendant filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. # 145. The defendant filed motions amending and supplementing his § 2255 motion in which he made several claims for relief. Dkt. # 151, 153-56. The defendant also filed pro se motions to proceed in forma pauperis and for the appointment of counsel. Dkt. # 144, 148. The court granted these latter two motions, Dkt. # 162, and with his attorney's help, the defendant filed a Motion for Evidentiary Hearing and Motion for Writ of Habeas Corpus Ad Testificandum to accompany his original pro se motion for § 2255 relief. This latest motion states the defendant would like to focus his motion for § 2255 relief on two grounds, and withdraw all his other allegations in his original and supplemental motions for § 2255 relief. Dkt. # 172. First, the defendant claims that his trial counsel rendered ineffective assistance of counsel by failing to file a petition for writ of certiorari to the United States Supreme Court

3

after his unsuccessful competency appeal to the Eighth Circuit. Second, the defendant claims his trial counsel rendered ineffective assistance of counsel by advising him to enter into a plea agreement that waived his right to appeal the search and seizure ruling. The defendant claims, however, that the court cannot adequately assess these claims of ineffective assistance of counsel without receiving the testimony of the defendant and the defendant's trial counsel in an evidentiary hearing. As a result, the defendant has also requested a writ of habeas corpus ad testificandum to deliver the defendant's person to Sioux City.

The prosecution resists the defendant's motion for § 2255 relief, motion for an evidentiary hearing, and motion for writ of habeas corpus ad testificandum. Dkt. # 178. The prosecution subsequently filed a supplemental resistance which included an affidavit from the defendant's trial counsel. Dkt. # 179. The matter is now fully submitted and ready for disposition.

## II. WAIVER OF § 2255 RELIEF

The court must first address the waiver provisions in the defendant's plea agreement in light of the claims he has made in his § 2255 motion. In his plea agreement the defendant waived his right to appeal his conviction and sentence, and his right to postconviction relief. The plea agreement stated:

> After conferring with his attorney and after being advised of his appeal rights, the defendant knowingly and voluntarily waives his right to appeal his conviction and the sentence imposed. Further, after being fully advised of the implications, the defendant also knowingly and voluntarily waives his right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241, *coram nobis* actions and motions to reconsider or reduce his sentence. The

4

> defendant retains his right to appeal or contest his sentences in
> the following limited circumstances: (1) if the sentence is not
> in accordance with this plea agreement, and (2) if the sentence
> imposed exceeds the maximum statutory penalty.

Plea Ag. p. 13. At sentencing, this agreement was modified to allow the defendant to appeal the competency ruling in which the court found he was competent to stand trial. Sent. Tr. p. 18, 35; Dkt. # 107.

The Eighth Circuit Court of Appeals has long recognized that a defendant may waive his or her right to appeal, but the court only recently acknowledged that a defendant may waive his or her right to post-conviction relief. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver, however, has its limitations. *Id*. "A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." *Id*. at 924; *see Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself-- the very product of the alleged ineffectiveness."). Thus, even in circumstances such as the present case, where the defendant signed a written plea agreement waiving his right to file for post-conviction relief, the defendant may nevertheless petition the court for post-conviction relief based on the ineffective assistance of counsel, but only "when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver." *DeRoo*, 223 F.3d at 924; *see United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); *Davilla*

5

*v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("The majority of Circuits support the waiver of collateral review in a plea agreement if it is knowingly, intelligently, and voluntarily made except when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver." (citing *United States v. Cockerham*, 237 F.3d 1179, 1191 (10th Cir. 2001); *DeRoo*, 223 F.3d at 924, *Jones*, 167 F.3d at 1145; *United States v. Djelevic*, 161 F.3d 104, 106-07 (2d Cir. 1998); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993))).

A panel of the Eighth Circuit Court of Appeals noted, however, that a "refinement" of the above principles may be appropriate. *Chesney v. United States*, 367 F.3d 1055, 1059 (8th Cir. 2004). Under such a refinement, "an explicit waiver of the Sixth Amendment right to counsel--which explained the concept of ineffective assistance of counsel and the basic ramifications of waiving a claim that ineffectiveness influenced the signing of the waiver--would be considered knowing and voluntary." *Id*. Moreover, "so long as such a waiver of Sixth Amendment rights did not result in a 'miscarriage of justice,' the waiver would be enforceable." *Id*. (citation omitted; quoting *United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003)). Thus, the Eighth Circuit Court of Appeals indicated a defendant might be able to waive his Sixth Amendment right to effective assistance of counsel in a plea agreement under certain circumstances, thereby precluding a defendant from seeking an appeal or post-conviction relief based on the ineffective assistance of counsel as it relates to the negotiation of and entry into the plea agreement and waiver. *Id*.; *see Rosson v. United States*, No. 07-00399-CV-W-FJG, Crim. No. 05-00080-01-CR-W-FJG, 2007 WL 2406998, at *3 (W.D. Mo. Aug. 17, 2007) ("If there is an explicit waiver of Sixth Amendment right to counsel, which explains the concept of ineffective assistance of counsel and the basic ramifications, then such a waiver

6

would suffice and the defendant would be precluded from asserting any ineffective assistance of counsel claims.").

In this case, the defendant seeks post-conviction relief on two grounds, both of which are premised on the ineffective assistance of counsel. As a result, and despite the defendant's general waiver of his right to post-conviction relief, the court may be able to entertain the defendant's claims so long as the ineffective assistance of counsel claims relate to the negotiation of the plea and waiver and the defendant did not expressly waive his Sixth Amendment rights to the effective assistance of counsel. *See Chesney*, 367 F.3d at 1059. There is no proof or claim that the defendant explicitly waived his Sixth Amendment rights in this case, and therefore the defendant is not initially precluded from making his ineffective assistance of counsel claims under the suggestive language in *Chesney*. *See Rosson*, 2007 WL 2406998, at *3 (finding no explicit waiver of defendant's Sixth Amendment right to the effective assistance of counsel). The court will now individually address each of the defendant's grounds for post-conviction relief to determine whether they were waived, i.e., whether the claims relate to the negotiation of and entry into the plea agreement and waiver.

### A. Failure To File Writ Of Certiorari

The defendant's first claim of ineffective assistance of counsel alleges his trial/appellate counsel was ineffective for failing to file a writ of certiorari to the United States Supreme Court after the defendant's unsuccessful competency appeal. This ineffective assistance of counsel claim does not "relate to the negotiation of, and entry into, the plea agreement and waiver." *DeRoo*, 223 F.3d at 924. As a result, the argument is waived. *See Walton v. United States*, No. Civ. 05-2534 JNE, Crim. 04-131NEJGL, 2006 WL 314501, at *2 (D. Minn. Feb. 9, 2006) ("In this case the Court concludes Walton's

7

Case 3:02-cr-03042-LTS   Document 180   Filed 11/15/07   Page 7 of 19

waiver of his appeal rights can be upheld despite his claims of ineffective assistance of counsel. The crux of Walton's ineffective assistance claim is that his former attorney failed to file an appeal after being instructed to do so. This claim does not relate to the negotiation of, or entry into, the plea agreement.").

The court recognizes, however, that it could be argued that the defendant's modified plea agreement, which allowed the defendant to appeal the adverse competency ruling, also allowed the defendant to seek post-conviction relief on the issue as well. But the modification did not specifically include the right to petition for post-conviction relief on the issue. Instead, this court stated the agreement would provide for a "limited appeal," Sent. Tr. p. 15, and specifically the "right to appeal the competency ruling to the United States Court of Appeals for the Eighth Circuit," Sent. Tr. p. 19. Thus, whereas the plea agreement specifically addressed and waived both the defendant's rights to direct appeal and post-conviction relief, at sentencing the court and parties only specifically addressed the defendant's right to *directly* appeal the competency ruling to the Eighth Circuit Court of Appeals.

Of course, allowing the defendant to directly appeal the competency issue to the Eighth Circuit Court of Appeals could implicitly include the right to file a writ of certiorari to the United States Supreme Court. *See Andis*, 333 F.3d at 890 ("Plea agreements will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights."); *Margalli-Olvera v. INS*, 43 F.3d 345, 353 (8th Cir. 1994) ("Where a plea agreement is ambiguous, the ambiguities are construed against the government."). But the court is convinced the modification certainly did not allow the defendant to petition the court for *post-conviction relief* on the competency ruling. In other words, while the court allowed the parties to modify the plea agreement so the defendant could directly appeal the competency ruling, all other terms

8

of the written plea agreement remained the same--which included the waiver of the defendant's "right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241." Plea Ag. p. 13. Therefore, the defendant has waived his right to petition the court for post-conviction relief on this ground because it is not based on the ineffective assistance of counsel in negotiating and entering into the plea agreement and waiver. *See DeRoo*, 223 F.3d at 924 ("We recognize that there may be other cases in which a section 2255 waiver can be upheld summarily despite claims of ineffective assistance of counsel."). As a result, the defendant's requests for an evidentiary hearing, writ of habeas corpus ad testificandum, and relief on this ground are denied, as his claim is waived.

### B. *Advising Defendant To Enter Plea Agreement*

The defendant's second ground for post-conviction relief alleges his trial counsel was ineffective for advising him to enter into a plea agreement that waived his right to appeal the motion to suppress ruling. Again, the defendant's waiver of post-conviction relief proceedings is "not absolute," and does not apply "when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver." *Id.* at 923-24. Therefore, the defendant's second ground for post-conviction relief is not waived because it relates to the effectiveness of his counsel in negotiating and entering into his plea agreement and waiver. *See id.*; *White*, 307 F.3d at 339 ("We also note that a defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel."). In order to assess whether the defendant's request for an evidentiary hearing should be granted on his second ground for post-conviction relief, the court first needs to review the standards appropriate for assessing § 2255 motions, including the standards for granting an evidentiary hearing,

9

and the specific standards for assessing § 2255 motions based on the ineffective assistance of counsel.

### III. LEGAL STANDARDS

#### A. Section 2255

Section 2255 of Title 28 of the United States Code provides the following standards for assessing the defendant's claim:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [(1)] that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Importantly, "[§] 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*) (citations omitted). In addition, the Supreme Court has permitted a movant to avoid procedural default by showing he or she is actually innocent. *Johnson v. United*

10

*States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted)).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

A defendant who petitions the court for § 2255 relief is not automatically entitled to a hearing on the issues presented. A defendant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

11

to no relief." 28 U.S.C. § 2255; *see United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (quoting 28 U.S.C. § 2255). Therefore, "[a] § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005). Otherwise, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. In addition, even if the court grants a hearing, the "court may entertain and determine such motion without requiring the production of the prisoner at the hearing." *Id.*

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'" (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005))), *cert. denied*, 126 S. Ct. 2341 (2006)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### B. Ineffective Assistance Of Counsel

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend.* VI. The right extends to trial and on direct appeal, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops*, 339 F.3d at 780, but not during post-conviction relief, *Kitt v. Clarke*, 931 F.2d 1246, 1248 n.4 (8th Cir. 1991) (noting the guarantee of effective assistance of counsel "does not extend to representation in postconviction proceedings other than the direct appeal," but also stating "[t]his circuit has recognized that ineffective assistance of counsel in postconviction proceedings may be used to overcome a procedural bar to hearing a claim in federal court"). Assessing claims of ineffective assistance often involves facts outside of the original record, and therefore it is particularly appropriate to address such claims in post-conviction relief. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

Certain "well established" principles govern claims of ineffective assistance of counsel on post-conviction relief: "post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." *Ledezma-Rodriguez*, 423 F.3d at 836 (internal quotations omitted). Thus, a successful petitioner must show: (1) deficient performance, and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) (requiring the movant to "satisfy the two prong test outlined in *Strickland*.").

13

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To satisfy the "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Instead, the defendant must show that counsel's "deficiencies actually affected" the outcome. *Id.* Although the two prongs of the "ineffective assistance" analysis are

14

described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). The court will now consider the defendant's remaining, un-waived ineffective assistance of counsel claim as stated in his latest motion for § 2255 relief, as well as the propriety of an evidentiary hearing and motion for habeas corpus ad testificandum on this ground.

## *IV. LEGAL ANALYSIS*

The defendant claims his trial counsel was ineffective in advising him to enter into a plea agreement in which he waived his right to appeal the ruling on his motion to suppress. The defendant argues "[t]his issue warrants further development via [an] evidentiary hearing" so the defendant can "ask his trial lawyer why [he] advised [the defendant] to waive his appeal of such a strong search and seizure issue." Dkt. # 172, Brief p. 17. The prosecution resists, and argues the defendant's claim is without merit because of the strong case against the defendant and the significant disparity between the 35 year sentence the defendant received and the life sentence he could have received by going to trial. Dkt. # 179, Amended Resistance, p. 14. The prosecution also emphasizes that defendant's plea and waiver were knowingly and voluntarily made because the defendant understood his rights, knew what he was giving up, and was not coerced into the agreement. *Id.* p. 12-14.

As an initial matter, the court agrees with the prosecution that, without considering any possible ineffective assistance of counsel, the defendant knowingly and voluntarily agreed to the plea and the waiver of his right to appeal the court's ruling on his motion to suppress. The record at defendant's plea taking dutifully discusses the consequences of

15

the defendant's plea, and specifically targets the defendant's waiver of his right to appeal.[1] Plea Tr. p. 27-30. Nevertheless, a defendant's plea and waiver of his appellate rights may still be constitutionally infirm if the defendant was advised to enter into the plea and waiver by the ineffective assistance of his or her counsel. In other words, the defendant's plea and waiver is not knowingly and voluntarily made if the defendant's decision to enter into the agreement was the result of his or her counsel's ineffective assistance. *See Chesney*, 367 F.3d at 1059 (recognizing that the defendant "did not waive the right to argue that his waiver of the right to file 'any and all post sentencing pleadings' was the result of ineffective assistance of counsel, and thus not a 'knowing and voluntary' waiver") ; *DeRoo*, 223 F.3d at 924 (holding that the district court should have "determined whether the alleged ineffective assistance of counsel made [the defendant's] waiver unknowing and involuntary").

The court is convinced, however, that this is not a case in which the defendant suffered from the ineffective assistance of counsel. First, the court does not believe the defendant can show prejudice. To show prejudice in this case, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. McMullen*, 86 F.3d 135, 137 (8th Cir. 1996) (quoting *Hill*). The defendant does not state he would have gone to trial had it not been for the advice of his counsel. Moreover, faced with a potential life sentence by going to trial, the court is

---

[1] In fact, the defendant stated in his own words that he "gotta give up my appeal rights [to] be agreeable with this deal." Plea Tr. p. 29. The defendant also stated that he "knowingly made my decision by myself and not someone coerced me or forced me or threatened me." *Id.* p. 30. The court later stated: "I usually ask a couple more questions, but you said it so well I'm not gonna because I'm convinced you understand that your decision to plead guilty is a voluntary decision . . . ." *Id.*

16

not readily convinced counsel's alleged deficiencies, if really deficient, "actually affected" the outcome of this case. *Pfau*, 409 F.3d at 939.

Second, and even if the court assumes the defendant can show prejudice, the defendant has not shown his counsel rendered deficient performance. In his sworn affidavit, the defendant's counsel indicated the prosecution had a strong case against the defendant even without the confessions that were admissible as a result of the ruling on the motion to suppress. Dkt. # 179, Aff. p. 1. In addition, the defendant's counsel stated it was difficult to negotiate any deal with the prosecution "[b]ased on the strengths of [their] case." *Id*. This affidavit largely answers the defendant's specific request for an evidentiary hearing. It informs the defendant that his counsel advised him to enter a plea waiving his rights to appeal because even with a favorable ruling on the motion to suppress, the prosecution "had a very strong case . . . based on photographic and eyewitness evidence." *Id*. The court sees no reason to dispute affiant's averment. Additionally, the court does not believe its motion to suppress ruling, which accepted the magistrate's report and recommendation after a *de novo* review, was "extremely close." Finally, the benefit of receiving a 35 year sentence as opposed to a potential life sentence in these circumstances strongly suggests counsel's conduct was not deficient but fell "within the wide range of reasonable professional assistance.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 689).[2]

---

[2] In fact, this court normally refuses to accept waivers of appeal unless the prosecution makes a substantial concession. *See Andis*, 333 F.3d at 891 ("In general, a district judge is under no obligation to accept a plea agreement."). In this case, the court stated it would accept the plea agreement because the prosecution agreed to a 420 month sentence and "[gave] up the fact that they could put you away for a mandatory life sentence." Plea Tr. p. 29.

17

Under such circumstances, the defendant's claim of ineffective assistance of counsel must fail. Moreover, because "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, or in other words, because the defendant's "allegations cannot be accepted as true because they are contradicted by the record," *Regenos*, 405 F.3d at 694, an evidentiary hearing is not necessary and such motion is denied. Therefore, the defendant's motion for a writ of habeas corpus ad testificandum is also denied.

The defendant must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that defendant Vargas's application does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). As a result, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

18

## V. CONCLUSION

The defendant's motions for § 2255 relief, an evidentiary hearing, and writ of habeas corpus ad testificandum are **all denied**. The defendant waived his first ground for relief because he signed a plea agreement that waived his right to petition for post-conviction relief, and although the specific ground for relief made a claim of ineffective assistance of counsel, it did not relate to the negotiation of and entry into the plea agreement and waiver. The defendant's second ground for relief did relate to the negotiation of and entry into the plea agreement and waiver, and was therefore not waived. However, defendant's second ground for relief fails because the defendant has not shown his counsel rendered deficient performance. The court has also reviewed the remainder of defendant's original and amended pro se grounds for relief, which the defendant withdrew in his latest motion. To the extent that these grounds are recognizable, the court finds them to be waived under his plea agreement prohibiting post-conviction relief as well. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 15th day of November, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA